IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| HILDA L. SOLIS, | ) | |
| SECRETARY OF LABOR, | ) | |
| UNITED STATES DEPARTMENT OF LABOR, | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 3:09-cv-162 |
| v. | ) | |
| | ) | |
| HILL COUNTRY FARMS, INC. d/b/a | ) | |
| HENRY'S TURKEY SERVICES, and | ) | |
| KENNETH HENRY, individually, | ) | |
| Defendants. | ) | |

COMPLAINT

Plaintiff brings this action to enjoin Defendants from violating the provisions of sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter called the Act, pursuant to 29 U.S.C. § 217, section 17 of the Act; and to recover unpaid minimum wages and overtime compensation owing for Defendants' employees, together with an equal additional amount as liquidated damages, pursuant to 29 U.S.C. 216(c), section 16(c) of the Act.

I

Jurisdiction of this action is conferred upon the Court by section 16(c) and 17 of the Act, and by 28 U.S.C. § 1345.

9kaw1005mdw

II

Defendant Hill Country Farms, Inc. is a corporation with its principal place of business located in Goldthwaite, Texas.  Since at least November 16, 2006, through February 7, 2009, Hill Country Farms, Inc. d/b/a Henry's Turkey Services conducted business providing residential and rehabilitation services to disabled individuals living at its establishment in Atalissa, Iowa.  Since at least November 16, 2006, through February 7, 2009, Defendant Hill Country Farms, Inc. d/b/a Henry's Turkey Services contracted with West Liberty Foods, Inc., West Liberty, Iowa, to provide workers at the West Liberty Foods, Inc.'s turkey processing plant.  Since at least November 16, 2006, through February 7, 2009, Defendant Hill Country Farms, Inc. d/b/a Henry's Turkey Services employed employees to work at its Iowa establishment and at West Liberty Foods, Inc.  All of the foregoing activities occurred in Muscatine County, Iowa, within the jurisdiction of this Court.

III

Defendant Kenneth Henry resides in Proctor, Texas. Since at least November 16, 2006, Kenneth Henry has been a 50% owner, President, Vice-President, and Director of Defendant Hill Country Farms, Inc. d/b/a Henry's Turkey Services.  As an owner, officer and director of Defendant Hill Country Farms, Inc., Kenneth Henry traveled to the

company's establishment in Atalissa, Iowa, several times a year; made weekly and monthly phone calls to Henry's Turkey Services' Iowa personnel directing the Henry's Turkey Services' operations; made decisions regarding the termination of the company's contract with West Liberty Foods, Inc.; made decisions regarding the pay and work hours of Iowa residents; and acted directly or indirectly in the interest of Defendant Hill Country Farms, Inc. d/b/a Henry's Turkey Services in relation to its employees.  As a result of his purposeful contacts with Iowa residents and an Iowa corporation which resulted in violations in Iowa of the Fair Labor Standards Act, Kenneth Henry is subject to the jurisdiction of the Court.

IV

The activities of Defendant Hill Country Farms, Inc., as described herein, were, and are, related and performed through unified operation or common control for a common business purpose, and have, since at least November 16, 2006, constituted an enterprise within the meaning of section 3(r) of the Act.

V

Since at least November 16, 2006, said enterprise has had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been

moved in or produced for commerce by any person; an annual
gross volume of sales made or business done of not less than
$500,000, exclusive of excise taxes at the retail level,
separately stated; and, therefore, was and is an enterprise
engaged in commerce or in the production of goods for
commerce as defined in section 3(s)(1)(A) of the Act.

VI

Since at least November 16, 2006, Defendant Hill
Country Farms, Inc. and Defendant Kenneth Henry,
individually, violated and are violating the provisions of
29 U.S.C. §§ 206 and 215(a)(2), sections 6 and 15(a)(2) of
the Act by failing to pay to certain employees, for their
employment in commerce or in the production of goods for
commerce or in an enterprise engaged in commerce or in the
production of goods for commerce, wages at rates not less
than $5.15 per hour after October 31, 1997, wages at rates
not less than $5.85 after July 23, 2007, and wages at rates
not less than $6.55 after July 23, 2008.

VII

The minimum wage violations by Defendants resulted
from, but are not limited to, the following practice:

a.   Defendants employed workers, identified in Section
1 of Appendix A attached hereto, for up to 40 hours per week
to perform work on or related to the turkey processing line
of West Liberty Foods, Inc.

4

b.    Defendants employed workers, identified in Section 2 of Appendix A, for up to 40 hours per week to perform work at its Atalissa, Iowa establishment.

c.    Defendants paid workers, identified in Sections 1 and 2 of Appendix A, a monthly wage of $65.00 regardless of the number of hours worked, resulting in a failure to pay the workers the applicable minimum wage for all hours worked.

VIII

Since at least November 16, 2006, Defendant Hill Country Farms, Inc. d/b/a Henry's Turkey Services and Defendant Kenneth Henry, individually, have violated and are violating the provisions of 29, U.S.C. § 207 and 215(a)(2), sections 7 and 15(a)(2) of the Act, by employing certain employees in commerce or in the production of goods for commerce or in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours, without compensating said employees for their employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

IX

The overtime violations by Defendants resulted from but are not limited to the following practices:

5

a.    Defendants employed workers, identified in Section 1 of Appendix A, for over 40 hours in a workweek to perform work on or related to the turkey processing line of West Liberty Foods, Inc.  Defendants paid the workers a monthly wage of $65.00 regardless of the number of hours worked, with no overtime premium for hours worked over 40 in a workweek, resulting in a failure to pay the workers one and one-half times the minimum wage for all hours worked in excess of 40 in a workweek

b.    Defendants suffered or permitted employees to work over 40 hours in a workweek, without paying the employees any additional pay for unrecorded hours of work, resulting in a failure to pay the workers, identified in Sections 1 and 3 of Appendix A, the applicable regular rates and one and one-half times the applicable regular rates when they worked in excess of 40 hours in a workweek.

X

Defendants, employers subject to the provisions of the Act, have violated and are violating the provisions of 29 U.S.C. §§ 211(c) and 215(a)(15), sections 11(c) and 15(a)(5) of the Act, in that since at least November 16, 2006, Defendants have failed to make, keep, and preserve adequate and accurate records of Defendants' employees and of the wages, hours, and other working conditions and practices of employment maintained by Defendants as prescribed by the regulations (29 Code of Federal Regulations Part 516)

6

promulgated pursuant to section 11(c) of the Act in that the
records kept by Defendants failed to show, among other
things:  the hours worked each work day and each workweek,
the regular rate of pay, the basis upon which wages were
paid, the total straight time and overtime earnings for each
workweek, and total additions to or deductions from wages
paid each pay period, with respect to Defendants' employees.

XI

Defendant Hill Country Farms, Inc. was made aware of
its obligations under the Act by circumstances including,
but not limited to, two prior investigations conducted by
the United States Department of Labor, Wage and Hour
Administration into the minimum wage, overtime, and
recordkeeping practices of Hill Country Farms, Inc.

Since at least November 16, 2006, Defendant Hill
Country Farms, Inc. has repeatedly and willfully violated
and is violating the provisions of the Act as alleged in
paragraphs VI through IX above.  A judgment permanently
enjoining and restraining the violations herein alleged is
specifically authorized by section 17 of the Act.

XII

As a result of the violations alleged in paragraphs VI
through IX above, amounts are owing for certain former
employees for the period from November 16, 2006, to

February 7, 2009, including those persons specifically named in Appendix A.

A judgment granting recovery of said amounts, together with an equal additional amount as liquidated damages, is specifically authorized by section 16(c) of the Act.

WHEREFORE, cause having been shown:

Plaintiff prays judgment, pursuant to section 17 of the Act, permanently enjoining and restraining Defendants, Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Act.

Plaintiff further demands judgment, pursuant to section 16(c) of the Act, against Defendants for unpaid minimum wages and overtime compensation found by the Court to be due for Defendants' former employees, and for an equal additional amount as liquidated damages.

Should the Court decline to award said liquidated damages, Plaintiff further demands the award of interest on said unpaid minimum wages and overtime compensation from the date said unpaid minimum wages and overtime compensation became due, until date of judgment.

Plaintiff further demands the award of post-judgment interest as authorized by 28 U.S.C. § 1961, and prays that she recover the costs of this action.

8

Deborah Greenfield
Acting Deputy Solicitor
DC Bar #358317

Michael A. Stabler
Regional Solicitor
MO Bar #26211


/s/Mary D. Wright
Mary D. Wright
Trial Attorney
MO Bar #31981

2300 Main, Suite 1020
Two Pershing Square Building
Kansas City, MO   64108
(816) 285-7260
(816) 285-7278 (fax)

U.S. Department of Labor

Attorneys for Plaintiff

**APPENDIX A**

## Section 1

Douglas Barco

Leonard Bearfield

Clayton Gene Berg

James Keith Brown

David Crouch

James Fowler

John David Hatfield

Paul Hayek

Tommy House

Kenneth Jackson

Tommy Johnson

Carl Wayne Jones

Johnny Kent

Ronald Lashley

Willie Levi

Jeffery S. Long

Johnny McDaniels

Joe Morrell

William (Bill) Murray

Robert O'Bier

John D. Owens

Preston Pate

Billy Penner

1

Robert Penner

Frank Rodriquez

Doyle Trantham

Raymond Vaughn

Brady Watson

Henry (Dewey) Wilkens

**Section 2**

Pete Graffagnino

Leon Hall

Johnny McDaniels

**Section 3**

Douglas Barco

Leonard Bearfield

Clayton Gene Berg

James Keith Brown

David Crouch

James Fowler

John David Hatfield

Paul Hayek

Tommy House

Kenneth Jackson

Tommy Johnson

Carl Wayne Jones

Johnny Kent

2

Ronald Lashley

Willie Levi

Jeffery S. Long

Johnny McDaniels

Danny Miles

Joe Morrell

William (Bill) Murray

Dru Neubauer

James Neubauer

Randy Neubauer

Robert O'Bier

John D. Owens

Preston Pate

Billy Penner

Robert Penner

Frank Rodriquez

Kara Scott

Doyle Trantham

Raymond Vaughn

Brady Watson

Andy Weeks

Henry (Dewey) Wilkens